# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
SOUTHERN **DIVISION**

Civil Action No.  14MC2740

Glenn Blair, Pro Se
Plaintiff
vs.                              AMENDED  VERIFIED COMPLAINT
Robert Kern,
individually and in his/her official capacity as Justice of the Superior
Court  of Fort Bend County,

Evelyn Keyes,
individually and in his/her official capacity as Justice of the Superior
Court of Fort Bend County

Sherri Johnson,
individually and in his/her official capacity as court reporter of Fort Bend
County

Marijane Stromberg, Substitute Court Reporter for the 387th
individually and in his/her official capacity as court reporter of Fort Bend
County

Allyson Stephens, Court Coordinator for the 387th in Fort Bend County,
individually and in his/her official capacity as court reporter of Fort Bend
County


Rebecca Elliot, County Clerk for Fort Bend County individually and in
his/her official capacity as court reporter of Fort Bend County


Michael Morales, Deputy Clerk Fort Bend County, individually and in
his/her official capacity as court reporter of Fort Bend County

Chris Prine-Clerk-First Court of Appeals,
individually and in his/her official capacity as court reporter of Fort Bend
County


Fort Bend County, Texas

Harris County, Texas

The State of Texas


Defendants

To the Justice of the Court,

   I am amending my original petition to correct the defendants and add new case law and rules.  Please except this amended petition for due process violations.


                              Thank you,

                              Glenn Blair

ORIGINAL COMPLAINT

JURISDICTIONAL BASIS

I. Plaintiff claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution.

II. Plaintiff brings this suit pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to him by the Fifth, Eighth, Ninth and Fourteenth Amendments of the federal Constitution, by the defendants under color of law in his/her capacity as a judge in the Superior Court of Fort Bend County, a judge of the First Court of Appeals in Houston, court reporter in Fort Bend County, Court Coordinator in Fort Bend County, County Clerk in Fort Bend County, and Clerk of the Court in the First Court of Appeals in Houston.

## PARTIES

Glenn Blair, Pro Se
Plaintiff
vs.                                         VERIFIED COMPLAINT
Robert Kern,
individually and in his/her official capacity as Justice of the Superior
Court  of Fort Bend County,

Evelyn Keyes, Rebecca Huddle, Jim Sharp
individually and in his/her official capacity as Justice of the Superior
Court of Fort Bend County

Sherri Johnson, Court Reporter 387th
individually and in his/her official capacity as court reporter of Fort Bend
County

Marijane Stromberg, Court Reporter 387th
individually and in his/her official capacity as court reporter of Fort Bend
County

Allyson Stephens, Court Coordinator for the 387th in Fort Bend County

Rebecca Elliot, County Clerk for Fort Bend County

Michael Morales, Deputy Clerk Fort Bend County

Clerk-First Court of Appeals

Fort Bend County, Texas

Harris County, Texas

The State of Texas

Defendants

III. Glenn Blair is a natural person residing at 6618 Sherwood Drive, Houston, Texas 77021, Harris.

IV.  Robert Kern is a Judge presiding at the 387th in Fort Bend County. Evelyn Keyes is a Judge presiding in the First Court of Appeals in Houston.

Sherri Johnson is a court reporter in the 387th in Fort Bend County.

Marijane Stromberg is a court reporter in the 387th in Fort Bend County.Allyson Stephens is a Court Coordinator in the 387th in Ford Bend County.

Rebecca Elliot is a County Clerk in Fort Bend County.

Michael Morales is a Deputy Clerk in Fort Bend County.

Harris County, Texas is a county in Texas

Fort Bend County, Texas is a county in Texas

State of Texas

## STATEMENT OF FACTS

1. The basis of the case is based on the extremely long time it took for my case to be adjudicated.  This is primary basis of my suit and not limited to this basis. Rule of Judicial Administration, Rule 6, 6.1(b)(2)(c)

2. The court reporter was required to record the unofficial 9/2/11 hearing.8 Fed. Proc. L. Ed 20:249,  8 Fed. Proc. L. Ed. 20:247

3. A person who is a party to the suit cannot serve parties. It is unethical, illegal and a violation of Texas Rule of Civil Procedure-Rule 356.  Sherri Johnson cannot serve notice in her contest to indigence against Glenn Blair.  This is a procedural due process violation.

4. I am entitled to the unofficial 9/2/11 hearing transcripts, recordings, and proceeding without advance payment of costs and have yet to receive it after numerous requests.   The order for the  unofficial 9/2/11 hearing is void. Cooppedge and De La Vega, "Order that is void is without legal vitality or effect." Watson v. Hart 871 S.W. 2d 914. Slaughter v. Quails. 162 S. W. 2d 671.674 (Tex. 1942). " , it (the order) is a nullity and the doctrine of invited error cannot save it."; Guetersloh Grain. Inc.. 618 S. W. 2d at 136 (out-of-time order sustaining contest to affidavit of inability is a nullity); Beattv. 690 S.W. 2d at 95(court expressly declined to apply doctrine of invited error to Tex. R. Civ. P. 355. 47 Tex. B.J. 837. 838 (1984. repealed 1986) because requirement to rule timely on contest or otherwise take allegations as true has no exceptions and is jurisdictional requirement; Tex. R. App. P. 20.1(fUiM4Uwhich has no 13.003reference], and (n)(l)(2).

5. This suit began as a common-law divorce suit in Fort Bend County Texas with Glenn Blair v. Angela McClinton. I lost the case based and filed an appeal.

6. The judge did not weigh the evidence in the trial even though I provided numerous documents where my common-law spouse and I signed as husband and wife.  Based on the exhibits entered into evidence, the evidence weighed in favor of the existence of a common-law marriage.

7. I filed an appeal on 8/11/11 and whereby the clerk did not contest my indigency affidavit and declared me indigent on 8/26/11. Sherri Johnson filed a timely indigence contest on that same date which was file stamped on 8/26/11.  However, her attached notice of hearing was never file stamped or entered into the official clerk's record to generate an official notice of hearing by the clerk's office therefore there was never an official notice of hearing.  The clerk's office erred and violated Texas Rule of Appellate Procedure 20.1 (i)(1) by not officially notifying the 387th of the contest so the judge could set a hearing and date and the clerk's offices notify all parties.  This set the entire stage for all due process violations that prevented my indigence entitlement of free record and my original case being heard by the First Court of Appeals.  My entire case has been irreparably damaged by the initial failure of the court to adjudicate an indigence hearing based on this one failure that has allowed Kern's and Keyes' to perpetrate a hearing took place but it did not.   Due Process Violation of No Official Notice of Hearing from the Clerk of the Court

8. Miss Johnson's contest was file stamped on 8/26/11 at 8:04 am. and unofficial notice of but the unofficial hearing attached to her filing was never time stamped, certified, or filed by Michael Morales 8/26/11 into the record as an official notice being received.  See Texas Rule of Civil Procedure-Rule 356 Sherri's notice was stamped by Morales certifying that it was a true and original copy that was filed with the court but never file stamped and entered as an official notice of hearing into the record therefore Morales falsified Johnson's copy as being a true and original document within the record.  Ms. Johnson's mailed the notice of contest and unofficial notice of hearing using the 387th

address but in a regular envelope giving it the appearance of being official which is illegal because she was acting as an individual and not an officer of the state. Johnson filed her contest, got a notice of hearing (unofficial), and file stamped as being a true copy as the courts opened on 8/26/11. Even Judge Kern's signature on her notice clearly appears to be forged making her entire notice a questionable document. (See clerk's record 1/19/12, Page 11 of 38 However, it neither has an official stamp or seal within the court's records further verifying official notice of hearing was ever officially entered, recorded, or sent out as part of the certified record by the clerk.)  How is this procedurally possible?  By Johnson filing this contest as a lay person, the court should have followed the same procedure as with anyone else.  Her contest according to the county clerk when the contest filed is sent to the judge's coordinator for the judge to set a  hearing date and type of hearing to be forwarded back to the clerk's office for official notices to be sent out.  Procedural due process violation of my Constitutional rights under the 5th and 14th Amendments and Title 1983 and the State Constitution.

9. On 8/31/11 Nina Taylor filed a contest time stamped based on her contest the clerk's office was obligated to forwarded to the judge and court coordinator.  There should have been a notice of hearing sent base on Taylor's contest sent to appellant.  Second procedural process violation because no notice of hearing sent out.  TRAP multiple contest Rules

10.     Kern's erred and violated my procedural due process when he violated and ignored my entitlement to a fair hearing by not entering or setting the 9/2/11 hearing as an official indigency or motion to dismiss hearing on his, (see clerks record date 8/30/11 page 79 of 81 and clerk's records dated 1/19/1`2 page 36, 37 of 38 where judge never recorded a hearing on or before 8/26/11 prior to 9/2/11 motion to dismiss granted entry), the clerk's, or the 387th court coordinator's docket sheets to be heard into the official record prior to 9/2/11. Clearly and undisputedly the record shows Kern's docket sheet in the official clerk's record as of

8/30/11 final entry was on 6/13/11 and up until 1/19/12 official
clerk's record there's no entry showing a hearing set for 9/2/11 for
either indigency or motion to dismiss only the 9/2/11 motion to
dismiss but no mention of a motion to dismiss hearing set on
9/2/11.  How was Kern to know there was a hearing to be heard
prior to 9/2/11 if it didn't appear on his docket sheet or the 387th
court coordinator docket for the day or as reported by on 8/1/2013
Stromberg (the substitute court reporter for that day)? Therefore
Kern committed administrative and judicial error by holding an
unofficial hearing that wasn't noted to be heard anywhere in the
official record prior to 9/2/11 with no recording of the proceeding
which prejudiced my case from the onset of this case. Reyna v.
Reyna, 738 S.W. 2d 772, 1987. This error caused irreparable
harm to me not getting my indigency declared and receiving a
free record from the start.  Kern Violated Tex. Prac. And Rem
Code 13.001, 13.003, Texas Rules of Appellate Procedure 13.1
and 20.1, Texas Rule of Civil Procedure 165 (a), the US
Constitution 5th and 14th (Section 1) Amendments and his duty to
rule but did not. He didn't record the hearing, didn't swear in
witnesses, didn't take evidence, and didn't officially state on the
record what type of hearing was being heard prior to his decision
whereby the appellant complained throughout this case.
Appellant complained in letters dated in clerk's official record
dated 1/19/12 and pages 19, 20 of 38 and received by the court
on 10/7/11 where appellant complained of 9/2/11 hearing.
Violations of not recording hearing, evidentiary hearing violations,
Due Process violations, Equal Protection violations, preservation
of error violations.  **Texas Rule of Civil Procedure Rule 165 (a)
and Texas Rule of Appellate Procedure 20.1-Contests**.   See
Section 1983 and Texas Constitution and Federal Court
Reporting Rule on Notice of Hearing.

11.      My response letter of the 9/2/11 hearing dated 9/21/11, the e-
mails within the appendix between Johnson and Blair show he
advised Johnson her contest was never heard or prosecuted by
the judge because she never spoke.  Johnson responded
throughout our e-mail correspondence "they were set for hearing
on her contest on 9/2/11 but Ms. Taylor made a motion to dismiss

and it was granted." Sherri's e-mail only confirms the indigency hearing was never heard on 9/2/11 and Kerns changed it within the unofficial hearing without prior notice of a dismissal hearing to Blair, although her contest was late as objected to by Blair violating 13.001, 13.003, 13.1 and TRAP 20.1. **( See Felix v. Thaler (App. 1 Dist. 1995) 923 S.W. 2d 650-"Where pro se in for a pauperis suit is dismissed before fact hearing, issue on in law for suit;  facts as set forth in plaintiff's petition and exhibits are accepted as true.")** Blair objected to the dismissal, the untimely filing of Taylor's contest, and requested his 13.003 and indigence hearing be heard but Kern's refused his objections and stated his case was dismissed and to sue his attorney for bad advice of the date to file his appeal.  Appellant pleaded with Kern to reverse his decision because he had all his records to prove indigence and his case was not frivolous, but the judge refused to see them or let them be entered into the record which the court transcripts will show if they exist at all. See Tex. R. App. P. 33.1(a)(1)(A0(B)(2)(A)(B),(b),(c),(d)  Kern prevented me from proving indigence per TRAP 20.1 (g) per Johnson's contest. Judge Kern's ruling violated my due process and equal protection under the law, was capricious, arbitrary, and an abuse of discretion whereby he had a duty to rule but he did not. TRCP 165 (a), TRAP 20.1 (g), Procedural Due Process 5th and 14th (Section 1) Amendments of the U.S. Constitution, TRCP Rule 165 (a). The appellant was never given notice that his case was on the docket to be dismissed and the court can't switch the reason from indigence to dismissal at the 9/2/11 hearing and not give notice to the appellate.  Due Process Violations of a 13.001 hearing, TRCP Rule 165 (a).Kern never given appellant a chance to bring in proof to avoid dismissal or submit evidence on the record in open court.

12.     On 10/7/11, the court sent a letter to the court reporter requesting she file the reporter's record. Procedural due process violation under U.S. Constitution (5th and 14[th, Section 1] Amendments) because court reporter late filing reporter's records due on 9/8/11 and requested by 10/7/11.  See TRAP 35.1 and TRAP 37.3(a)(1).  The court did not make whatever order that

was appropriate to avoid further delay and to preserve Blair's rights.

13. On 10/12/11, Sherri Johnson sent in an incomplete court reporter's information sheet in response to the 10/7/11 request by the clerk. Number 4 was unanswered and Number 5 no marked and no explanation on #6.

14. On 10/21/11, Blair's complaint to the court asking Kern's to reconsider his 9/2/11 ruling. This reconsideration letter was confirmed in Keyes 7/2/13 Memorandum Order where she neglected to include that Kern's never responded to Blair. Keyes failed to include the court's lack of response to the appellant slanting her judgment to make it appear as if Blair failed to do something when in fact Blair again preserved his error by sending this complaint to the court. Tex. R. App. P. 33.1 (a)(1)(A)(B)(2)(A)(B),(b),(c),(d)

15. I have a second response 10/21/11 to the First Court of Appeals informing them of my second request including emails to Ms. Johnson for copies for all official transcripts and related documents in the court's file in case 11-DCV-187301 to be filed in the court's records whereby Johnson and I back and forward emails from 9/20/11 to 9/21/11 whereby Johnson re-iterated she was not preparing record further delaying my due process and he received no response whereby Sherri Johnson never filed any required reporter's documents except her certified exhibits list on 12/31/13 with no formal request and case had been decided by First Court Appeals. Tex. R. App. P 33.1 (c)(1)

16. On 10/27/11, the court reporter response due and still not filed. Procedural due process violation under U.S. Constitution 5th and 14th Section 1 Amendmenets

17. On 11/23/11, Notice to Provide Reasonable Explanation For Untimely Filing of Appeal was the last notice appellant received from the court until 6/19/12 ruling where Keyes' finally ruled appellant indigent in writing and requesting he erred to preserve his 13.003 requirement all in the same letter which was seven months later. Judge Keyes' reinstated the case, declared appellant indigent for costs and costs defined in TRAP 20.1(n) as fees and record, but refused to give appellant free record.

18. On 11/30/11, appellant filed response to 11/23/11 notice from the First Court of Appeals whereby again he didn't hear back from any court until the 6/19/12  Memorandum Order that's seven months later.

19. On 1/06/12, unbeknownst to the appellant the First Court of Appeals sent a let to the trial court clerk titled Notice to Trial Court Clerk For Clerk's record on Indigence whereby he was not cc'd or had no knowledge of any indigence investigation behind the scenes until he requested an upload on July of 2013 after the appeals court made their ruling.  Karin McCullough erred by not requesting the indigence hearing transcripts for 9/2/11.  See TRAP 34.5 (a)(1)(3)(4),(c)(1),(d)(h)  The Indigence records were due on 1/23/12.

20. On 1/19/12, Clerks record concerning indigency status filed however it was incomplete because it didn't include a record on the proceedings of 9/2/11 hearing.  There was no 9/2/11 hearing transcript sent, no documents submitted by the court of the 9/2/11 hearing, no witness list of witnesses called or sworn in, no record of motions requested from all parties, no objections recorded from all parties,  no record of evidence submitted, nor record of Kern's ruling on motions and objections, no record of Blair's 13.003 requests, no record of Kern's ruling frivolous or not, ruling declaring fully indigent or partially indigent, or ruling on what he has to pay for.  The county clerk had a duty to specifically state that the unofficial 9/2/11 hearing record and transcript did not exist.  If they would have done their duty and specifically advised the clerk that

no official of the hearing proceedings exist, then Keyes' and the appeals court would have been forced to remand the case back to the trial court as they did in Taylor v. Allon.  Keyes based her preservation of error on 7/2/13 ruling on unsubstantiated and incomplete record because no hearing transcript.

21. On 2/21/12, appellant contested to all aspects of the unofficial 9/2/11 hearing. The untimely filing of contest by appellee, the appearance of unfair access by Johnson to file a hearing and contest on 8/26/11 with questionable judge's signature, and conversation with deputy district clerk Petra Lozano advising appellant that there was no official record of hearing or notice of hearing in the district clerk's record or in the docket sheet.  Lozano stated there was no official clerk entry of hearing or notice because she never received an official request or document of hearing from Kern's or the court coordinator of the 387th therefore she was not required file of mail any official notices out.  Lozano stated if she had gotten the official document from the 387th she would have officially entered notice of hearing and mailed all copies.  Lozano confirmed there was nothing official about the hearing not the notices or the hearing date.  Therefore, how could Kern hold a hearing of any type on 9/2/11? (See page 2 of 19) The record will prove that Judge Kern did not hold an official hearing and issued an order on 9/2/11 to a motion without the appellant Glenn Blair having the opportunity to present evidence, witnesses, and have a true and accurate copy of the proceedings by court reporter to preserve all his constitutional rights as a citizen of the United States.  The appellant had not heard from the First Court of Appeals since 11/23/11 request.  Complained of 8/30/11 clerk's record page 73 has no entry by Kerns on docket sheet past 6/13/11.  All the illegal actions of Judge Kern on 9/2/11 has cost me my free record and ability to adequately present and prosecute my case, declare  my formal marriage, have my parental rights be controlled and bound by a void child support order over the last three years. Letter complains of everything regarding the indigence hearing that preserved any and all errors in the case up to that point.  The appellant had not been informed by the court as to whether his appeal was dismissed or to proceed on schedule. Tex. R. App.33.1

(c)(1) Due process violations because during this time the courts intercommunicating amongst themselves and not communicating with appellant at all. All during this time, the appellant complained about every element of the 9/2/11 hearing. US Constitution 5th and 14th (Section 1) Amendments

22. On 6/19/12, Judge Keyes issued a Memorandum Order declaring appellant's indigency based on incomplete indigency record. Judge Keyes admits appellee's 8/31/11 contest was untimely therefore Kerns' should have not ruled on it that the record will show if it exists because no court has yet produced a record of the 9/2/11 hearing from my multiple requests from all parties. Keyes' erred by not granting my total free record and transcript because a hearing was not conducted within 10 days or 20 days extended time as noted by Keyes Kern's order was not signed until 9/9/11 whereby she failed and erred to also state that was an operation of law violation (a legal statue that overrules all others and cannot be saved by any doctrine) that nullifies the contest and hearing therefore as admitted to by Keyes, "Because the court failed to rule in writing on the contest within the ten days provided by the rule, allegations of the affidavit must be taken as true, and appellant is entitled to proceed without advance payment of costs. See Tex. R. App. P. 20.1 (j)(4); Grossnickle v. Turner, 903S.W. 2d 362, 364 (Tex. App.-Texarkana 1995, orig. proceeding). (4) Time for Written Decision; Effect. Unless —within the period set for the hearing — the trial court signs an order sustaining the contest, the affidavit's allegations will be deemed true or the presumption of indigence will continue unabated, and the party will be allowed to proceed without advance payment of costs. Tex R. App. P. 20.1(i)(4). Costs defined: As used in this rule, costs means: (1) a filing fee relating to the case in which the affidavit of inability is filed; and (2) the charges for preparing the appellate record in that case. See Tex. R. App. P. 20.1(n). As also complained in the this case, Keyes and the appeals court had the ability to file their own contest and hold an indigency hearing per Tex. R. App. P 20.1 (h)(1)(2)(3)(4) but did not therefore Tex. R. App. P 20.1 (h)(5), Tex. R. App. P. 20.1(n), Tex. R.

App. P. 20.1 (i)(4).  Keyes states the contest was sustained by Kern in error there is no record of Kern ever sustaining the contest and even if he did that order sustaining the contest would be nullified  by operation of law violation by Kern signing order late.  Keyes states in the 7/2/13 that 9/2/11 order was overruled and contradicts herself in the 6/19/12 order.  Which order is true? Only the record will show. See **Smith v. McCorkle, 895 S.W. 2d 692, 692 (Tex. 1995) –"In the absence of a written order sustaining a contest**, the allegations of the affidavit are taken to be true.  **A docket entry** does not constitute a written order.' Keyes most egregious error of all in this order was imposing Tex. Civ. Prac. & Rem. Code 13.003 (a)(1)(2)(A)(B) by stating I failed to preserve any error upon which could be reversed in the trial court's order.  Keyes had limited and incomplete clerk's records to substantiate that order by the Appeals Court and not Trial Court not providing a copy of the unofficial 9/2/11 hearing which would include the recordings, transcripts, and other evidence showing 13.003 and all other errors were preserved. Furthermore 13.003 were automatically preserved in appellee's and Johnson's written request in their contest not to mention my request in the hearing in which only the record can show.  Tex. R. App. P. 33.1 (b)(c)(1). Therefore Keyes order is void and should be overturned. De La Vega v. Taco Cabana, 974 S. W. 2d 152 (Tex. App.-San Antonio 1998).  Coppedge v. United States, 369 U.S. 438, 446-48, 82 S. Ct 917, 921-923 8 L. Ed. 2d. 21 (1962).  Reyna v. Reyna, 738 S.W. 772, 1987.  Because the contest to indigency was overruled by operation of law, Judge Keyes 6/19/12 memorandum order is a nullity and appellant entitled to proceed without advance payment of costs and the clerk and court reporter should have filed records.

23.    On 6/29/12, Appellant complained Judge Keyes 13.003 ruling and refusal of free record based on Kern's operation of law violation and appellant met the statutory requirement for 13.003.

24. On 8/28/12, Motion for rehearing denied to 6/19/12 order with no explanation, finding of facts, or conclusion of law.

25. The top 9/17/12 entry was a request for a finding of facts and why rehearing denied.

26. On 9/21/12, Denial of the 9/17/12 motion requesting finding of facts without explanation, finding facts, and conclusion of law.

27. On 3/12/13, Oral arguments denied and appellant had a right to oral argument per Tex. R. App. P. 39.1 (a)(b)(c)(d). Keyes and the First Court of Appeals did not read brief or state that oral argument unnecessary due to the previous reasons prior to denying appellant his right to oral argument. Appellant's due process rights violated because he was unable to argue his case and make clear points to the court about his case whereby he could have challenged Tex. Prac. & Rem. Code 13.001 and 13.003,Tex. R. App. P. 20.1and Tex. R. App. P. 33.1 and no notice of hearing.

28. Again in the 7/2/13 Memorandum order contradicts the 6/19/12 memorandum order regarding Blair's indigence, in the 6/19/12 order Keyes states Kern sustained the indigence but in the 7/2/13 order Keyes states that Kern overruled the indigence. Which is it? Only the record will show. The court is confused without the record and whichever way Kern's ruled there are guiding principles and rules the court must follow. Keyes and the First Court of Appeals erred when they applied Schlapper v. Forest, 272 S.W. 3d 676, 678 (Tex.-Austin 2008, pet. Denied) providing that any objection or complaint to trial court about absence of such findings, but Blair did object and complained to the trial court at the trial and the First Court of Appeals and at the unofficial 9/2/11 hearing and Keyes had all the complaint letters at her disposal when she ruled on 6/19/12 and 7/2/13. Blair preserved any and all errors by the trial court and the First Court of Appeals per TRAP 33.1 (b)(c)(1)by objecting during the unofficial 9/2/11 hearing and requesting 13.003 during the hearing. Keyes erred Samara v. Samara , 52 S.W. 3d. 455, 456 n.1 (Tex. App-Houston$\{1^{st}$ Dist.$\}$ 2001, pet. Denied) stating that the case could not be heard on the clerk's records but sent a letter stating that it could. See Treimee Corp. v. Jimenez, Court of Appeals of Texas, Houston (1st Dist.), 2000 WL 553251; Donaldson v. Barr, Court of Appeals of Texas, Houston (1st Dist.) 86 S.W. 3d. 718, 2002; $1,234.00 in U.S. Currency v. State, Court of Appeals of Texas, San Antonio WL 424018, 2000. In the 7/2/13 order, Judge Keyes should have not used 9/2/12 hearing is a nullity and does not exist and it was a jurisdictional requirement for appellant to have free record and indigence.

29. The docket sheet lists a 9/2/11 M/Hearing (9:00 am)(Judicial Officer Kern, Robert J.) on the Fort Bend County Docket for case #18-DCV-187301 but shows no hearing or notice sent/set of any type of hearing to be held prior to this entry therefore verifying Kern's had an illegal hearing and initiated the very first due process violation under the Constitution against the appellant by holding an illegal and off the record hearing with no indication of type of proceedings held on that day. 5th Amendment and 14th Amendment (Section 1), Section 1983, Texas State Constitution

30. The docket sheet lists on 9/15/11 a General Information sheet from the First Court of Appeals dated 9/14/11 which never appears on the First Court of Appeals docket sheet that states on page 2 that indigency has to established by Texas Rules of Appellate Procedure and gives instructions to the appellate no mention of Tex. Rem. And Prac. Code 13.003 as stated in Keyes 6/19/12 order.    The 9/14/14  General Information Sheet States, "Unless appellant has established indigence pursuant to Texas Rules of Appellate Procedure 20.1, the trial court clerk and court reporter are not required to file the clerk's records and reporter's records until appellaant has paid the required fees to prepae and certify the records, or has made satisfactory arrangements to pay the fees. See Texas Rule of Appellate Procedure 35.3 (a)(2),(b)(3)" sent by Chemeka Walker, Deputy Clerk. Procedural Due Process Violation  under the US Constitution 5th and 14th (Section 1) Amendments.   As stated above no mention of TCRPC 13.003 sent to pro se filers in the instructions, the State of Texas is intentionally and illegally guiding pro se filers to one law in their correspondence for indigence violating their procedural due process. Texas Rule of Appellate Procedure 20.1 in establishing indigence directly conflicts with TCRPC 13.003 in determining the indigent party's right to a free record. There is no harmonization of this rule and statute to guide appellants to the proper procedure to receive their entire indigence status and free record nowhere within the procedural instructions in the lower court or the appellate court in the entire state of Texas for all filers especially pro se filers. This directly violates the U.S. Constitution and the State Constitution of Texas due process and equal protection under the law afforded litigants specifically pro se filers in the entire state to execute their appeal if indigent.

31.  On the Fort Bend Docket Sheet dated 7/19/13- Request For Full Record, Transcript, and All Recordings of Hearing dated 9/2/11 appellant sent request to Trial Court Clerk and Trial Court Reporter/Recorder.

32. On Fort Bend Docket Sheet dated 7/23/13-Request for all requests made to  Clerk's office be forwarded to the new judge and court reporter of the 387th court as Allyson Stephens refused appellant's filings on 7/12/13, 7/19/13, and 7/23/13.

33. On Fort Bend Docket Sheet dated 7/23/13- Amended Request For Full Record, Transcript, and all Recordings of Hearing Dated 9/2/11 and according  to Texas Rules of Appellate Procedure and Texas Rule of Civil Procedure the 387th Court of Fort Bend County broke the law by not sending out an official notice of hearing.  Allyson Stephens stated that the 387th Court allows the court reporter to send out notice, but according to Texas Rule of Civil Procedure, Rule 356-no one who is a party to the proceeding can serve notice.

## PRAYER FOR RELIEF

Pursuing my constitutional rights and rights as a citizen of the United States has cost me:

1. Four years of life.
2. Extreme Depression.
3. Loss of Employment due to mental distress.
4. Extreme Emotional and Mental Distress.
5. Loss of all marital rights and assets.
6. Loss of all lifelong QUADRO entitlements.
7. Loss of parental rights to share in the upbringing of my daughter.
8. Alienation from my daughter.
9. Physical ailments that have me under doctor's care behind stress.
10. Time that can never be regained pursuing my due process rights to free record.
11. Loss of faith in the justice system.
12. Blatant proof that I did not have a fair and impartial tribunal that Kerns.


Wherefore plaintiff prays this Court issue equitable relief as follows:

1. Issue injunctive maximum relief commanding defendants to provide free reporter's record for trial court case in Fort Bend County Texas case # 11-DCV-187301, free transcript for unofficial indigency/dismissal hearing on 9/2/11 in Fort Bend County case #11-DCV-187301, re-hear appeal in First Court of Appeals based on reporter's records being given mto appellant in case #01-11-00701-CV, and if necessary re-open all supreme court cases 14-0503 and 14-0017.

2. Issue declaratory maximum relief as this Court deems appropriate just against all defendants.

3. Issue other maximum relief as this Court deems appropriate and just against all defendants.

4. Award plaintiff his costs of litigation, pain and suffering, mental distress, compensation for the loss of time for his child, depression causing him emotional and financial distress from:

 1) Judge Kern-$5 million
2)Judge Keyes-$5 million
3)Judge Huddle-$5 million
4)Judge Sharp-$5 million
5)Sherri Johnson-$5 million
6)Marijane Stromberg-$500,000
7)Rebecca Elliot-$500,000
8)Allyson Stephens-$500,000
9)Michael Morales-$500,000
10)Harris County, Texas-$500,000
11)Fort Bend County, Texas-$500,000
12)State of Texas-$500,000
13)Clerk-First Court of Appeals

5.  Maximum sancitions against all parties criminal, civil, and monetary.


Respectfully submitted,

Glenn Blair
6618 Sherwood Drive
Houston, Texas 77021
832-208-7769
mrglennblair@yahoo.com
December 12, 2014

Statement of Verification

I have read the above complaint and it is correct to the best of my
knowledge.

Yours truly,

Glenn Blair, Pro Se
6618 Sherwood Drive
Houston, Texas 77021
832-208-7769
mrglennblair@yahoo.com
December 12, 2014