United States District Court
Southern District of Texas
**ENTERED**
January 22, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GLENN BLAIR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-1425 |
| | § | |
| ROBERT KERN, | § | |
| EVELYN KEYES, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM, RECOMMENDATION & ORDER

Pending before the court[1] is Plaintiff Glenn Blair's Motion for Free Service of Defendants and Extension of Time to Serve and Motion for Court-Appointed Attorney (Docs. 5-6, 10). For the reasons explained below, these motions are **DENIED**. Plaintiff is proceeding in this case In Forma Pauperis ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious [or] fails to state a claim on which relief may be granted." Accordingly, the court **RECOMMENDS** that Plaintiff's suit be **DISMISSED** as frivolous.

### I. Plaintiff's Claims

Plaintiff, proceeding pro se, filed suit against a Texas district judge, three justices from the First District Court of

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 7.

Appeals of Texas, multiple court reporters employed by Fort Bend County, Fort Bend County, Harris County, and the State of Texas, alleging violations of the Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution under 42 U.S.C. § 1983 ("Section 1983"). Plaintiff's complaint is primarily based on his right to a hearing transcript for a post-judgment hearing that took place on September 2, 2011.[2]

Plaintiff filed an appeal after an adverse ruling in his divorce case before Defendant Judge Kern.[3] Defendant Johnson, a court reporter who had worked on his case, timely contested Plaintiff's affidavit of indigence and right to a free transcript.[4] Plaintiff avers that Johnson's contest did not include an official notice of hearing.[5] Plaintiff further avers that Judge Kern erred by holding an unofficial hearing that was not attended by a court reporter.[6] It is unclear from Plaintiff's complaint whether he attended the hearing, but what is clear is that Plaintiff blames Judge Kern for his inability to secure a [free] transcript of that hearing.[7]

Plaintiff avers that on June 19, 2012, Defendant Justice

---

[2] See Doc. 1, Pl.'s Compl. p. 7.

[3] See id.

[4] See id.

[5] See id. p. 8.

[6] See id. p. 10.

[7] See id. p. 11.

Keyes, a justice on the First Court of Appeals of Texas, issued a memorandum order stating that Plaintiff was indigent.[8] Plaintiff maintains that Justice Keyes "erred by not granting [his] total free record and a transcript."[9] Although the court of appeals found Plaintiff to be indigent, Plaintiff failed to meet the statutory requirements of a free transcript because he failed to show that the transcript was necessary to decide the issue presented by his appeal.[10]

On July 2, 2013, the court of appeals affirmed the district court's ruling regarding Plaintiff's underlying divorce, noting that Plaintiff had failed to meet the statutory requirements to a free record.[11]

On May 27, 2015, Plaintiff filed this case in this court.[12] Plaintiff filed a motion for free service of process on defendants on September 25, 2015.[13] On November 19, 2015, Plaintiff filed a motion for a court-appointed attorney.[14] The same day, the court

---

[8]   See id. p. 15.

[9]   See id.

[10]   See Blair v. McClinton, No. 01-11-701-cv, 2013 WL 3354649, at *2 Fn. 1 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); see also Tex. Civ. Prac. & Rem. Code Ann. § 13.003(a)(2)(B) (providing that a plaintiff is only entitled to a free transcript if the trial judge finds the transcript necessary to determine an issue presented on appeal).

[11]   See Blair, 2013 WL 3354649 at Fn. 1.

[12]   See Doc. 1, Pl.'s Compl.

[13]   See Doc. 5, Mot. for Free Serv. of Defs. and Extension of Time to Serv.

[14]   See Doc. 10, Mot. for Court Appointed Att'y.

held a status conference regarding Plaintiff's case.[15]

## II.  Legal Standard

A district court may dismiss a complaint filed IFP if the action "is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i). An action is "frivolous" if it lacks an arguable basis in either law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235 (1991).  A complaint is without an arguable basis in law if it is based on an untenable or discredited legal theory.  Neitzke, 490 U.S. at 326.  A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'"  Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999); see also Denton v. Hernandez, 504 U.S. 25, 32 (1992).

The court uses the same standard for dismissal as Federal Rule of Civil Procedure ("Rule") 12(b)(6) to determine whether a plaintiff has stated a claim for relief.

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir.

---

[15]   See Doc. 11, Minute Entry dated Nov. 19, 2015.

2011).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 678.

"A document filed pro se is 'to be liberally construed,' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III. Analysis

The court has reviewed the entirety of Plaintiff's pleadings and finds that it lacks jurisdiction to hear any of Plaintiff's claims under the Rooker-Feldman doctrine.

Under the Rooker-Feldman doctrine, an individual may not file a civil rights suit in federal court to collaterally attack a state

civil judgment.  See Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir. 1994) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)).  The Rooker-Feldman doctrine establishes that a federal court lacks subject matter when issues in federal court are "inextricably intertwined" with a final state court judgment. Davis v. Bayless, 70 F.3d 367, 375 (5th Cir. 1995).  The Supreme Court has cautioned that the doctrine is to be narrowly confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Here, Plaintiff's claims are based on the acts of various state court attorneys, officials, and counties that he claims have some responsibility for the unfavorable outcome of his divorce case.  The state court of appeals explicitly considered Plaintiff's arguments in connection with his lack of a transcript.  See Blair, [SHORT CITE]. Any review of state court decisions must be left to the appropriate state court. Liedtke, 18 F.3d at 317.  The Rooker-Feldman doctrine therefore divests this court of subject-matter jurisdiction to hear Plaintiff's claims.

Because Plaintiff's claims are without an arguable basis in law, the court finds they are legally frivolous.  The court accordingly **DENIES** Plaintiff's motion for the appointment of counsel and motions for service of process.  The court therefore

**RECOMMENDS** that Plaintiff's claims be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(I).

### III. Conclusion

Based on the foregoing, the court **DENIES** Plaintiff's Motions to court-appointed counsel and for free service of process on Defendants and **RECOMMENDS** that his complaint be **DISMISSED** as frivolous.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 22nd day of January, 2016.

U.S. MAGISTRATE JUDGE